# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MARY LOUISE DARBY, | ) | CASE NO. 5:16cv2426 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| ROBERT KAGLER, et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Seeking to proceed *in forma pauperis*, *pro se* plaintiff Mary L. Darby has filed this civil rights action against multiple public officials and employees of Twinsburg Township and Summit County, Ohio, in addition to Kevin McCulley of the Bertolini Trucking Company and Thom Cuddy of Ohio Edison. (Doc. No. 1.) However, neither her complaint, nor the twenty-six page single spaced document she submitted with it to support her claims, sets forth clear, discernible factual allegations. In paragraph II.B of her complaint, she asserts she is alleging constitutional claims under 42 U.S.C. § 1983 for violations of "Freedom of Religion, Freedom of Speech, Privileges encompass rights of individuals real and personal property, Bill of Rights, Due Process of Law, Equal protection." (*Id*. at 7, ¶ II.B.) As best as the Court can discern, plaintiff contends the defendants have violated her constitutional rights because zoning laws were enforced against the Rescue Temple Church of God in Twinsburg, which resulted in the church's demolition.

Although the standard of review for *pro se* pleadings is liberal, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). *Pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts are required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* actions, and dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin,* 630 F.3d 468, 470-71 (6th Cir. 2010). In order to avoid a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In addition, a complaint must contain allegations sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quotation marks and citations omitted).

Even according the plaintiff's complaint the deference to which a *pro se* pleading is entitled, the Court finds it must be dismissed pursuant to § 1915(e)(2)(B). The plaintiff's

vague, conclusory, and generalized allegations are simply insufficient to raise a right to relief on her alleged claims against the defendants above a speculative level. She has failed to allege discernible facts suggesting plausible constitutional violations, or what each of the defendants allegedly did to violate her rights. *See, e.g., Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) ("This court has consistently held that damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right.") (citation omitted) (emphasis in original).

Even assuming the plaintiff's contention is that each of the defendants violated her constitutional rights because they were involved in some way in the enforcement of zoning laws that resulted in the demolition of the Rescue Temple Church of God, this is insufficient to allege a plausible constitutional claim. *See Davet v. City of Cleveland*, 456 F.3d 549, 553 (6th Cir. 2006) (recognizing that the constitutional right of an individual to use private property has always been subservient to the public welfare and is subject to the legitimate local police power, and that demolition of a building in order to enforce building codes or abate a public nuisance by itself does not violate the constitution). *See also Harris v. City of Akron*, 20 F.3d 1396 (6th Cir. 1994) (city officials' demolition of a building did not violate a building owner's constitution rights). Although the plaintiff appears to allege, in purely conclusory terms, that she and/or the church were subjected to such things as "ill will," "false claims," and "RLU [religious land use] discrimination," she does not allege

3

discernible facts plausibly supporting those conclusions, or supporting a plausible inference that the zoning enforcement actions taken against the Rescue Temple Church of God were taken in violation of any constitutional right or rights the plaintiff has.

In sum, the plaintiff's complaint must be dismissed because, even liberally construed, it fails to set forth facts reasonably suggesting she might have a plausible federal claim against the defendants in this case. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint state a claim for relief).

## Conclusion

Accordingly, the plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and for the reasons stated above, her action is summarily dismissed pursuant 28 U.S.C. § 1915(e)(2)(B). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: July 5, 2017

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**