# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| MARY LOUISE DARBY, | ) | CASE NO. 5:16cv2426 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| ROBERT KAGLER, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of *pro se* plaintiff Mary Louise Darby styled "Motion to Refile[,] Motion to Amend Complaint[,] Writ of Certiorari on Court[,] Memorandum Opinion[,]" which the Court interprets as a motion to amend (Doc. No. 5). For the reasons that follow, plaintiff's motion is denied.

On October 3, 2016, plaintiff filed this civil rights action against multiple public officials and employees of Twinsburg Township and Summit County, Ohio, in addition to employees of a trucking company and a utility company. (Doc. No. 1 (Complaint).) The Court summarily dismissed plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. (Doc. No. 3 (Memorandum Opinion ["MO"]).) Specifically, in its July 5, 2017, memorandum opinion, the Court held that plaintiff's *pro se* complaint was subject to summary dismissal because "neither her complaint, nor the twenty-six page single spaced document she submitted with it to support her claims, set forth clear, discernible factual allegations." (MO at 96.)

Plaintiff now seeks leave to amend. Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading once as a matter of course before being served with a responsive pleading or after serving the pleading if a responsive pleading is not allowed. However, the Sixth Circuit Court of Appeals has held that Rule 15(a)'s liberal pleading standard does not apply to complaints summarily dismissed under 28 U.S.C. § 1915(e)(2). *See Moniz v. Hines*, 92 F. App'x 208, 212 (6th Cir. 2004). "[A] district court may not permit a plaintiff to amend [her] complaint to defeat dismissal under 28 U.S.C. § 1915(e)(2)." *Id*. (citations omitted); *see Zindler v. Rogers*, 477 F. App'x 381, 382 (6th Cir. 2012) (citation omitted). Section 1915 "also proscribes a district court from permitting a plaintiff to amend [her] complaint *after* that court has dismissed the complaint under § 1915(e)(2)." *Moniz*, 92 F. App'x at 212 (emphasis in original) (citation omitted). The ban on amending a complaint after dismissal under § 1915(e)(2) applies without regard to whether the amendment would cure the deficiencies in the original complaint.[1] *Id*. at n.5.

Accordingly, and for all of the foregoing reasons, the Court denies plaintiff's motion to amend.

**IT IS SO ORDERED**.

Dated: September 18, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff did not attach to her motion to amend a proposed amended complaint. Nonetheless, her motion contained the same vague, conclusory allegations of constitutional violations that the Court previously found insufficient to set forth any federal causes of action.