UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARY LOUISE DARBY, | ) | CASE NO. 5:16cv2426 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPNION |
| ROBERT KAGLER, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On July 5, 2017, the Court summarily dismissed the complaint filed by *pro se* plaintiff Mary Louise Darby ("Darby"), pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted. (Doc. No. 3.) Following the § 1915(e) summary dismissal, Darby sought leave to amend. (*See* Doc. No. 5.) On September 18, 2017, the Court denied Darby's motion to amend. (Doc. No. 6.) In denying the request to amend, the Court explained that

> Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading once as a matter of course before being served with a responsive pleading or after serving the pleading if a responsive pleading is not allowed. However, the Sixth Circuit Court of Appeals has held that Rule 15(a)'s liberal pleading standard does not apply to complaints summarily dismissed under 28 U.S.C. § 1915(e)(2). *See Moniz v. Hines*, 92 F. App'x 208, 212 (6th Cir. 2004). "[A] district court may not permit a plaintiff to amend [her] complaint to defeat dismissal under 28 U.S.C. § 1915(e)(2)." *Id*. (citations omitted); *see Zindler v. Rogers*, 477 F. App'x 381, 382 (6th Cir. 2012) (citation omitted). Section 1915 "also proscribes a district court from permitting a plaintiff to amend [her] complaint *after* that court has dismissed the complaint under § 1915(e)(2)." *Moniz*, 92 F. App'x at 212 (emphasis in original) (citation omitted). The ban on amending a complaint after dismissal under § 1915(e)(2) applies without regard to whether the amendment would cure the deficiencies in the original complaint. *Id*. at n.5.

(*Id.* at 153, footnote omitted.)

Notwithstanding the Court's clear explanation that *pro se* plaintiffs whose complaints are dismissed on § 1915(e)(2) screenings are not entitled to amend, Darby continues to seek permission to amend. On October 2, 2017, Darby filed another motion to amend (Doc. No. 7), and also filed a motion to proceed *in forma pauperis*. (Doc. No. 8.) Additionally, on November 28, 2017, Darby filed a motion for reconsideration of the Court's decision denying her motion to refile her amended complaint. (Doc. No. 9.) She has also filed several supplements to her pending motions. (Doc. No. 10 (Supplement); Doc. No. 10-1 (Proposed Amended Complaint); Doc. No. 11 (Supplement).) Most recently, the Court received from Darby a proposed amended complaint that appears to have been notarized.

For all of the reasons set forth in the Court's September 18, 2017 Memorandum Opinion, reproduced above, Darby's motion to amend (Doc. No. 7) and motion for reconsideration (Doc. No. 9) are **DENIED**. Her motion to proceed *in forma pauperis* (Doc. No. 8) is **DENIED** as **MOOT**. Because it was improvidently submitted, the Court also instructs the Clerk to return to Darby her proposed notarized complaint. Further, Darby is cautioned that if she continues to file repetitive, baseless motions and materials, the Court will consider taking action to restrict her court access by requiring her to obtain leave of court before submitting any additional filings. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). The Court would prefer not to take this extraordinary measure but will do so, if it must, to prevent the abuse of the judicial process.

**IT IS SO ORDERED**.

Dated: May 8, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**